IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Auto-Owners Insurance Company, | ) | Civil Action No.: 4:12-cv-3423-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Travelers Casualty and Surety Company of America, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Auto-Owners Insurance Company ("Auto-Owners" or "Plaintiff") filed this declaratory judgment action on December 3, 2012, seeking a declaration that Defendant Travelers Casualty and Surety Company of America ("Travelers" or "Defendant") has a duty to defend in an underlying state court action captioned *John Schuler, et al. v. Hyperion Towers Homeowners Association, Inc., et al.*, 2011-CP-26-5465 (the "underlying state action"). *See* Compl., ECF No. 1 at 2. This matter is before the Court on Travelers' motion to dismiss, filed on October 31, 2013, and motion for summary judgment, filed on March 31, 2014. *See* Def.'s Mot. to Dismiss, ECF No. 34; Def.'s Mot. for Summ. J., ECF No. 50. Plaintiff filed a response to the motion to dismiss on November 18, 2013, *see* ECF No. 35, and filed a response to the motion for summary judgment on April 17, 2014, *see* ECF No. 51. Travelers filed a reply in support of its motion to dismiss, after receiving an extension, on December 17, 2013, *see* ECF No. 41, and filed a reply in support of its motion for summary judgment on April 28, 2014, *see* ECF No. 52. For the reasons stated below, the Court grants Travelers' motion for summary judgment.[1]

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court previously

**FACTUAL BACKGROUND**

Despite the parties' best efforts to obfuscate the issue, the entire purpose of this lawsuit can be distilled down to Auto-Owners seeking an order requiring Travelers to assist in the defense of the underlying state action. The plaintiffs in the underlying action owned condominiums in the Hyperion Towers Horizontal Property Regime, and brought suit against the Hyperion Towers Homeowners' Association ("HOA"), the Hyperion Towers Board of Directors, and the individual board members for breach of various duties. Am. Compl., ECF No. 26 at ¶¶ 13, 15–18. Auto-Owners insured the Hyperion Towers HOA pursuant to a Commercial General Liability Policy from October 15, 1991 through February 7, 2000.[2] *See* ECF No. 51 at 2; Auto-Owners Policy, ECF No. 26-4. Travelers also insured the Hyperion Towers HOA pursuant to a Non-Profit Management and Organization Liability Insurance Policy from February 7, 2007 through February 7, 2010. *See* ECF No. 50 at 3; Travelers Policy, ECF No. 26-3. Auto-Owners asserts that it is currently providing the Hyperion Towers HOA, the Hyperion Towers Board of Directors, and the individual defendants with a defense in the underlying action. *See* ECF No. 26 at ¶ 21. Auto-Owners claims that Travelers acknowledges a duty to defend the underlying action, yet has refused to do so. *Id.* at ¶ 23. Travelers, on the other hand, argues that Auto-Owners cannot seek to compel it to defend the

---

scheduled a hearing, but it was cancelled at the request of one or both attorneys. Upon review of the various briefings, the Court determined that a hearing was not necessary.

[2] In its response in opposition to Travelers' motion for summary judgment, Auto-Owners notes that it "wishe[d] to correct the policy period noted by Travelers and stated by Auto-Owners in its Amended Complaint." *See* ECF No. 51 at 2. Auto-Owners asserts that the policy period ran from October 15, 1991 to February 7, 2000, rather than the February 7, 1998 through February 7, 2001 time period stated in the Amended Complaint. *See id.*; Am. Compl, ECF No. 26 at ¶ 10. Travelers did not object to this correction in its reply to Auto-Owners' response. In any event, the Court notes that its decision would remain the same regardless of whether the policy was first effective October 15, 1991 or February 7, 1998.

4:12-cv-03423-RBH     Date Filed 07/22/14    Entry Number 63    Page 3 of 15

underlying suit, and that, even if Auto-Owners could seek such relief, any duty Travelers may owe its insured is excess to that of Auto-Owners. *See* ECF No. 50 at 6; ECF No. 52 at 1–2.

Auto-Owners brought the present action seeking a declaration that Travelers has a duty to defend the underlying action. Travelers argues that this relief cannot be sought by Auto-Owners, and, even assuming Auto-Owners could seek such a declaration, it would have no duty to defend because Travelers' coverage is excess to Auto-Owners' coverage. Therefore, Auto-Owners also seeks a declaration that the Travelers policy is not "excess" to the Auto-Owners policy. Finally, Auto-Owners asserts equitable causes of action for contribution, unjust enrichment, and equitable subrogation, claiming that it would be unfair for the Court to allow Travelers to continue refusing to defend the underlying action.

## SUMMARY JUDGMENT STANDARD

Travelers' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and motion for summary judgment are both pending before the Court. Because the parties have presented matters outside the pleadings and the Court has considered this evidence, the Court will proceed under the Rule 56 standard. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond

to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, the moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *See id.*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). Moreover, the nonmovant's proof must meet "the substantive evidentiary

4

standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989).

## DISCUSSION

### I.     Introduction

The parties devote much of the briefing to arguing over whether the "other insurance" clauses of the respective insurance policies should apply, and whether or not application of these clauses establishes one of the policies as "excess" coverage.[3]  As the Supreme Court of South Carolina has noted, these clauses have been described as "'the catacombs of insurance policy English, a dimly lit underworld where many have lost their way.'" *S.C. Ins. Co. v. Fid. & Guar. Ins. Underwriters, Inc.*,

---

[3] In the Amended Complaint, Auto-Owners alleges that "Travelers acknowledges a duty to defend in the [underlying] action, but has refused to do so, contending that any of its obligations under the Travelers policy are excess to that of the Auto-Owners Policies."  ECF No. 26 at ¶ 23.  Thus, part of the relief sought by Auto-Owners is a declaration that "the Travelers Policy is not excess to that of Auto-Owners."  *Id.* at ¶ 31.  Travelers devotes a significant portion of its briefing to its argument that, applying the "other insurance" clauses of the two policies, it is clear that the Travelers policy is excess.  Thus, Travelers argues, even if Auto-Owners could seek a declaration regarding Travelers' duty to defend, any duty owed would only be excess to that of Auto-Owners.  *See* ECF No. 50 at 6–10.

As Auto-Owners correctly explained, however, under South Carolina law, "other insurance" clauses only apply when coverage is concurrent.  *See S.C. Ins. Co. v. Fid. & Guar. Ins. Underwriters, Inc.*, 489 S.E.2d 200, 202 (S.C. 1997) ("Other insurance clauses are intended to apportion an insured loss between or among insurers where two or more policies offer coverage of the *same risk* and *same interest* for the benefit of the *same insured* for the *same period*." (emphasis added)); *cf. St. Paul Fire & Marine Ins. Co. v. Vigilant Ins. Co.*, 919 F.2d 235, 241 (4th Cir. 1990) (applying North Carolina law, but noting that other insurance clauses "apply only when the coverage is concurrent," and "[w]here . . . the policies periods did not overlap at all, such clauses are not applicable").  It is questionable whether these policies insured the same risk, but they clearly did not cover the same time period.  The Auto-Owners policy was effective October 15, 1991 through February 7, 2000.  *See* ECF No. 51 at 2; Auto-Owners Policy, ECF No. 26-4.  The Travelers policy was effective from February 7, 2007 through February 7, 2010.  *See* ECF No. 50 at 3; Travelers Policy, ECF No. 26-3.  The Court notes that Travelers reliance on the other insurance argument seems misplaced in light of the South Carolina case law on this issue.  However, analysis of the other insurance clauses is not necessary to the resolution of this matter.

5

489 S.E.2d 200, 202 (S.C. 1997) (quoting *Ins. Co. of N. Am. v. Home & Auto Ins. Co.*, 628 N.E.2d 643, 644 (Ill. Ct. App. 1993)).  However, the Court is somewhat perplexed as to why the parties did not devote the most significant portions of their briefing to the issue of whether the relief sought by Auto-Owners can even be granted by this Court under existing South Carolina law.  As more fully set forth below, the Court finds that it cannot grant the relief sought by Auto-Owners, namely, a declaration requiring Travelers to join in the defense of the underlying suit.  Accordingly, Travelers' motion for summary judgment must be granted.

**II.     Standing Under the Declaratory Judgment Act**

A threshold argument made by Travelers is whether Auto-Owners has standing to bring this action under the Declaratory Judgment Act.  Although it is articulated as a "standing" issue, Travelers' argument in essence relates to whether the Court has the ability to award Auto-Owners its requested relief.  Travelers asserts that Auto-Owners does not have "standing" to seek a declaration with regard to Travelers' duty, if any, to defend the Hyperion Towers HOA, the Hyperion Towers Board of Directors, and/or the individual board members.  As Auto-Owners correctly notes, however, jurisdictional standing under the declaratory judgment act is a different question than what Travelers is arguing, which goes more towards the merits of Auto-Owners' declaratory judgment claim.  This argument is discussed in Part III below.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.  As the Supreme Court of the United States has explained, "[b]asically the question is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and

6

reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Here there is a substantial controversy. Auto-Owners avers it has spent several hundred thousand dollars in defending the underlying lawsuit. *See* Affidavit, ECF No. 51-1 at ¶ 14. If the Court were to find Travelers also has a duty to defend the underlying lawsuit, it would result in considerable financial ramifications to both Auto-Owners and Travelers. The parties also have adverse legal interests, as they are diametrically opposed on the issue of whether Travelers must assist in the defense. Finally, the underlying suit is ongoing, meaning Auto-Owners would certainly prefer a resolution as soon as possible. Therefore, the issue is of sufficient immediacy to warrant issuance of a declaratory judgment.

Accordingly, the Court finds that Auto-Owners has standing under the Declaratory Judgment Act to bring this question before the Court. This does not end the inquiry though, because even if the Court can hear the action, Plaintiff must still state a claim upon which relief may be granted.

## III. Declaratory Judgment Claim

Although Travelers frames it as a "standing" argument with regard to the Declaratory Judgment Act, the question of whether Auto-Owners can seek a declaration regarding Travelers' duty to defend is more of legal question of whether Auto-Owners states a claim upon which the Court can grant relief. As the parties have presented evidence in addition to the pleadings, and also filed a motion for summary judgment and response in opposition, the Court will examine the merits to determine whether Auto-Owners has established a genuine issue of material fact with regard to whether, under the circumstances, the Court can order Travelers to defend the underlying suit.

"An insurer's obligation under a policy of insurance is defined by the terms of the policy itself, and cannot be enlarged by judicial construction." *MGC Mgmt. of Charleston, Inc. v. Kinghorn*

7

*Ins. Agency*, 520 S.E.2d 820, 823 (S.C. Ct. App. 1999) (citing *Nationwide Mut. Ins. Co. v. Commercial Bank*, 479 S.E.2d 524 (S.C. Ct. App. 1996)).  Courts "must enforce, not write, contracts of insurance," and "must give the policy language its plain, ordinary, and popular meaning."  *Id.* (citing *Fritz-Pontiac-Cadillac-Buick v. Goforth*, 440 S.E.2d 367 (S.C. 1994)).  "[A]mbiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer."  *Id.* (citing *Diamond State Ins. Co. v. Homestead Indus., Inc.*, 456 S.E.2d 912 (S.C. 1995)).  "However, if the intention of the parties is clear, courts should not torture the meaning of policy language to extend or defeat coverage that was never intended by the parties."  *Id.* (citing *Diamond State*, 456 S.E.2d 912).  A party seeking coverage under a liability policy must be an insured under the contract of insurance.  *Shelby Mut. Ins. Co. v. Askins*, 413 S.E.2d 855, 859 (S.C. Ct. App. 1992).  Moreover, an insurance policy may contain exclusions, tailored to the business of the particular insured, designed to limit the insurer's risk exposure from hazards peculiar to that business.  *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 514 S.E.2d 327, 330 (S.C. 1999) (quoting *Couch on Insurance* 3d, § 130:14 (1997)).  "Although exclusions in an insurance policy are construed against the insurer, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or a statutory prohibition."  *Id.* (citations omitted).

"[U]nder South Carolina law, '[q]uestions of coverage and the duty of a liability insurance company to defend a claim brought against its insured are determined by the allegations of the [underlying] complaint.'"  *Auto Owners Ins. Co. v. Pers. Touch Med Spa, LLC*, 763 F. Supp. 2d 769, 776 (D.S.C. 2011) (quoting *City of Hartsville v. S.C. Mun. Ins. & Risk Fin. Fund*, 677 S.E.2d 574, 578 (S.C. 2009)).  In South Carolina, the duty to defend is broader than the duty to indemnify.  *Ross*

*Dev. Corp. v. Fireman's Fund Ins. Co.*, 809 F. Supp. 2d 449, 457 (D.S.C. 2011).  "If the underlying complaint creates a *possibility* of coverage under an insurance policy, the insurer is obligated to defend." *City of Hartsville*, 677 S.E.2d at 578 (citing *Gordon-Gallup Realtors, Inc. v. Cincinnati Ins.* Co, 265 S.E.2d 38 (S.C. 1980)) (emphasis added).  As this Court has previously explained, this means that "the duty to defend is triggered where the underlying complaint includes *any allegation* that raises the possibility of coverage." *Auto-Owners Ins. Co. v. Newsome*, No. 4:12-cv-00447-RBH, 2013 WL 3148334, at *4 (D.S.C. June 19, 2013).  An insurer whose duty to defend has been triggered by a lawsuit against the insured "is not justified in refusing to defend the entire case." *Town of Duncan v. State Budget & Control Bd.*, 482 S.E.2d 768, 773–74 (S.C. 1997); *see also Employers Mut. Liab. Ins. Co. v. Hendrix*, 199 F.2d 53, 59 (4th Cir. 1952); *Cincinnati Ins. Co. v. Crossmann Cmtys. of N.C, Inc.*, No. 4:09-CV-1379-RBH, 2013 WL 1282017, at *11 (D.S.C. Mar. 27, 2013) ("South Carolina law requires that a triggered insurer with a duty to defend the policyholder in a suit must defend the policyholder against all claims in that suit, even those claims that are not covered under the policy.").

Travelers asserts that the Court cannot declare, on behalf of Auto-Owners, that Travelers has a duty to defend under South Carolina law.  The Court notes that "[t]he duty to defend is personal to each insurer." *Sloan Constr. Co. v. Cent. Nat'l Life Ins. Co. of Omaha*, 236 S.E.2d 818, 820 (S.C. 1977).  In *Sloan*, the Supreme Court of South Carolina held that the duty to defend "is several and the insurer is not entitled to divide the duty nor require contribution from another absent a specific contractual right." *Id.*; *see also Shelby Mut. Ins. Co. v. Askins*, 413 S.E.2d 855, 859 (S.C. Ct. App. 1992) ("Fundamental to the concept of duty to defend is the requirement that the party seeking the defense must be an insured under a contract of insurance.").  The *Sloan* court held that "where two

9

companies insure the identical risk and both policies provide for furnishing the insured with a defense, neither company, absent a contractual relationship, can require contribution from the other for the expenses of the defense where one denies liability and refuses to defend." *Id.* The court explained that, although one insurer met its contractual duty to defend and the other did not, "[t]he insured was not damaged because it was afforded a defense." *Id.* at 821. Moreover, the insurer who defended "was not damaged by [the other's] refusal to defend since it was a stranger to the contract" between the other insurer and its insured. *Id.* Finally, the Court noted that the insurance company who defended "was doing no more than it was obligated to do under its insurance contract." *Id.* Under general principles of contract law, the *Sloan* court explained, no right to recovery exists in such a situation. *Id.*

As Auto-Owners correctly notes, it is true that the *Sloan* court was dealing with a situation where the two insurers insured an identical risk and one sought contribution from another for defense costs. The Supreme Court of South Carolina has not addressed whether an insurance company may seek to require another insurer to defend its insured up front via a declaratory judgment (rather than seeking contribution), nor has it addressed whether the same principles apply where different risks are insured. Nevertheless, "[e]ven in the absence of clear state authority on an issue, a federal court has the duty to decide, not avoid, the question presented." *Holt v. State Farm Mut. Auto. Ins. Co.*, 870 F. Supp. 658, 661 (D.S.C. 1994). The parties have not asked this Court to certify the question to the Supreme Court of South Carolina. Accordingly, "[t]his court is required to forecast the rule the South Carolina Supreme Court is likely to adopt in the future keeping in mind all that is known about that court." *Id.* (citing *Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir. 1981)). "The best

10

evidence of how a state appellate court will likely determine a novel issue is that court's relevant holdings." *Id.*

The undersigned previously addressed *Sloan* in *Assurance Co. of Am. v. Penn-America Ins. Co.*, No. 4:11-cv-03425-RBH, 2013 WL 1282141 (D.S.C. Mar. 27, 2013). Like *Sloan*, that case also concerned a situation where one insurer sought contribution from another for defense costs expended in defending a shared insured. The undersigned held that one insurance company did not have the right to seek contribution from another where it was "not a party to the insurance contract with [the other insurer] and is without an assignment from the insured." *See Assurance*, 2013 WL 1282141, at *2. As the Court explained, "liability for contribution, indemnity, unjust enrichment and breach of contract each arise out of a contractual or special relationship that simply does not exist in this case." *Id.*

The Court finds that, based on the holding in *Sloan*, the Supreme Court of South Carolina would likely find that, under the facts of this case, Auto-Owners may not require Travelers to defend their shared insured. As previously noted, *Sloan* did involve a different set of facts, as that case sought contribution rather than a declaratory judgment, and the insurers insured the same risk.[4] However, even despite these factual differences, the Court finds that the general principles set forth in *Sloan* dictate that the Supreme Court of South Carolina would find the present action to be inappropriate. Particularly relevant is the language from *Sloan* explaining that the insurer seeking to compel the other insurer to defend was not damaged: "since it was a stranger to the contract" between

---

[4] Auto-Owners asserts that these two policies insure different risks, arguing that its commercial general liability policy insured "an occurrence of property damage that takes place during the policy period," while the Travelers policy insured "'wrongful acts' that cause damages, including 'economic loss,' but not 'property damage.'" *See* ECF No. 51-2 at 8 (citing *Pulliam v. Travelers Indem. Co.*, 743 S.E.2d 117, 121 (S.C. Ct. App. 2013). These policies do appear to insure different risks.

11

the other company and its insured. The Court finds that this language is equally applicable to a situation where the insurers insure different risks, and where a declaratory judgment is sought rather than contribution. Moreover, this Court's rationale in *Assurance* is also applicable here: the claims asserted by Auto-Owners arise out of a contractual or special relationship that does not exist between Auto-Owners and Travelers in this case. The opinion of the Court of Appeals of South Carolina in *Askins* also supports this conclusion. *See Askins*, 413 S.E.2d at 859 ("Fundamental to the concept of duty to defend is the requirement that *the party seeking the defense must be an insured under a contract of insurance*." (emphasis added)).

Auto-Owners' declaratory judgment claim fails as a matter of law, as they are not a party to the insurance contract with Travelers. Accordingly, Travelers is entitled to summary judgment with regard to Auto-Owners' declaratory judgment claim.

### IV.    Contribution, Unjust Enrichment, and Equitable Subrogation Claims

Auto-Owners also asserted claims for contribution, unjust enrichment, and equitable subrogation. Travelers moved for summary judgment on each of these claims, asserting that *Sloan* establishes that Auto-Owners may not seek contribution, and the unjust enrichment and equitable subrogation claims are simply attempts at cleverly pleading around *Sloan*.

As previously noted, the rule in *Sloan* clearly states that: "where two companies insure the identical risk and both policies provide for furnishing the insured with a defense, neither company, absent a contractual relationship, can require contribution from the other for the expenses of the defense where one denies liability and refuses to defend." *Sloan Constr. Co. v. Cent. Nat'l Life Ins. Co. of Omaha*, 236 S.E.2d 818, 820 (S.C. 1977). Auto-Owners argues that *Sloan* is distinguishable because the policies in this case do not insure the same risks and do not cover the same policy period.

*See* ECF No. 51 at 14–15. Auto-Owners also cites to a litany of cases from around the country which support granting equitable contribution in favor of one insurer against another for defense costs. *See id.* at 16–17.

The Court notes, again, that where South Carolina law is unsettled, it "is required to forecast the rule the South Carolina Supreme Court is likely to adopt in the future keeping in mind all that is known about that court." *Holt v. State Farm Mut. Auto. Ins. Co.*, 870 F. Supp. 658, 661 (D.S.C. 1994) (citing *Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir. 1981)). As previously stated, "[t]he best evidence of how a state appellate court will likely determine a novel issue is that court's relevant holdings." *Id.* Yet again, the Court notes that while the facts of *Sloan* differed from the present case, the broad language used by the Supreme Court of South Carolina indicates that it would not allow Auto-Owners to seek contribution in this case. In *Sloan*, the Supreme Court explicitly held that one insurer is not entitled to require contribution from another absent a specific contractual right. *Sloan*, 236 S.E.2d at 820. Although the policies in *Sloan* insured an "identical risk" the Court gave no indication that this principle would be any less valid in other contexts. Accordingly, the Court finds that, based on *Sloan*, Auto-Owners may not seek contribution from Travelers for defense costs.

The Court also agrees that Auto-Owners' claims for equitable subrogation and unjust enrichment are just attempts at pleading around the *Sloan* rule. For example, the unjust enrichment claim asserts that Auto-Owners conferred a benefit on Travelers by paying the entire cost of defense, and permitting Travelers to retain this benefit would reward its failure to recognize its contractual obligation. *See* ECF No. 26 at ¶¶ 41, 43. Moreover, the equitable subrogation claim asserts that, by paying for the cost of defense, Auto-Owners has paid a debt owed by Travelers, and equity supports making Auto-Owners secondarily liable. *See id.* at ¶¶ 46–48. Finally, in the "WHEREFORE"

13

paragraph explaining the relief sought, Auto-Owners notes that its equitable claims request that the court enter a judgment "requiring Travelers to pay its equitable share of the sums paid by Auto-Owners." *See id.* at 10. The Court agrees with Travelers that these causes of action are simply attempts to plead contribution by another name. At the heart of all of Auto-Owners' equitable claims is a desire to have Travelers pay for part of the defense costs.

In any event, the Court finds that the unjust enrichment claim fails even if it were not an attempt to plead around contribution. Auto-Owners has simply done what was required of it pursuant to its contract with its insured. If the duty to defend is triggered, it requires defense of the entire suit. *See Cincinnati Ins. Co. v. Crossmann Cmtys. of N.C, Inc.*, No. 4:09-CV-1379-RBH, 2013 WL 1282017, at *11 (D.S.C. Mar. 27, 2013) ("South Carolina law requires that a triggered insurer with a duty to defend the policyholder in a suit must defend the policyholder against all claims in that suit, even those claims that are not covered under the policy."). Auto-Owners has not conferred any benefit on Travelers, as it is simply complying with South Carolina law and the terms of its contract with its insured. Auto-Owners has incurred no harm due to Travelers' refusal because it is obligated to provide a defense regardless of Travelers' actions. *See Transcon. Ins. Co. v. MAJ Enters., Inc.*, No. 2:05-2594, 2005 WL 3465573, at *3 (D.S.C. Dec. 19, 2005).

The Court also finds that the equitable subrogation claim would fail even if it were not simply an attempt to plead around contribution. "The elements of the doctrine of equitable subrogation are (1) the party claiming subrogation has paid the debt; (2) the party was not a volunteer, but had a direct interest in the discharge of the debt or lien; (3) the party was secondarily liable for the debt or for the discharge of the lien; and (4) no injustice will be done to the other party by the allowance of the equity." *Shumpert v. Time Ins. Co.*, 496 S.E.2d 653, 656 (S.C. Ct. App. 1998) (citing *United*

14

*Carolina Bank v. Caroprop, Ltd.*, 446 S.E.2d 415 (S.C. 1994)). The Court notes that Auto-Owners has not shown that it has paid a debt owed by Travelers. In defending the underlying action, Auto-Owners has simply complied with the terms of its contract under South Carolina law. Moreover, Auto-Owners has also failed to establish that it was secondarily liable for a debt owed by Travelers. Auto-Owners has provided no evidence, nor has it argued, that its duty is secondary to Travelers' duty.

Accordingly, based on the above, the Court finds that summary judgment is also appropriate on Auto-Owners' equitable claims for contribution, unjust enrichment, and equitable subrogation.

## Conclusion

The Court has thoroughly reviewed the entire record, including Defendant's motion to dismiss and motion for summary judgment, Plaintiff's responses to both motions, Defendant's replies in support of both motions, and the applicable law. For the reasons stated above, the Court grants Travelers' motion for summary judgment.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. Accordingly, Defendant's motion to dismiss is **MOOT**.

**IT IS SO ORDERED.**

        s/ R. Bryan Harwell
        R. Bryan Harwell
        United States District Judge

Florence, South Carolina
July 22, 2014